**UNITED STATES of America,**
**Appellee,**

v.

**Timothy Jermaine GUNN, Appellant.**

**No. 10–1112.**

United States Court of Appeals,
Eighth Circuit.

Submitted: July 20, 2010.

Filed: July 28, 2010.

William C. Purdy, U.S. Attorney's Office, Des Moines, IA, Melisa K. Zaehringer, U.S. Attorney's Office, argued, Davenport, IA, for Appellee.

Timothy Jermaine Gunn, Pekin, IL, pro se.

David Roy Treimer, argued, Davenport, IA, for Appellant.

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

PER CURIAM.

In this direct criminal appeal, Timothy Gunn challenges the sentence the district court[1] imposed following his guilty plea to knowingly and intentionally conspiring to distribute at least 50 grams of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On appeal, counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Gunn has filed a pro se supplemental brief, arguing that the court should have held a hearing to evaluate his competency, that trial counsel was ineffective, and that the district court improperly denied his motion to withdraw his plea.

We conclude that the issues raised in the direct appeal fall within the scope of the appeal waiver that Gunn entered into knowingly and voluntarily and that enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 890–92 (8th

---

1. The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

1. The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Cir.2003) (en banc).[2]

Finally, having reviewed the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss the appeal.

**2.** The issues raised by Gunn's pro se supplemental brief are more properly the subject of a proceeding brought pursuant to 28 U.S.C. § 2255, and thus we do not address them at this time.